IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| CARLOS HUMBERTO CAB SIQUIC, <br> RENE SAGUI XOL, <br> SANTIAGO YAXCAL CUZ <br><br> on behalf of themselves and all others similar situated <br>　　　　　Plaintiffs, <br><br>　　　v. <br><br> STAR FORESTRY, LLC, <br> INDEPENDETN LABOR SERVICES, LLC <br> WHITE PINE REFORESTATION, LLC <br> AMY SPEARS-THOMAS and <br> DEVIN SPEARS-THOMAS <br><br>　　　　　Defendants. | Civil Action No. 3:13-cv-00043 |

**PLAINTIFFS' CASE STATUS REPORT AND PROPOSED SCHEDULING ORDER**

| | |
|---|---|
| Erin Trodden, VSB #71515 | Jason Raofield (*pro hac vice*) |
| Mary C. Bauer, VSB #31388 | Richard Anthony Lopez (*pro hac vice*) |
| Tim Freilich, VSB #44077 | Austin K. Hampton (*pro hac vice*) |
| Angela Ciolfi, VSB #65337 | Michael A. Chajon (*pro hac vice*) |
| LEGAL AID JUSTICE CENTER | Daniel S. Harawa (*pro hac vice*) |
| 1000 Preston Ave., Suite A | COVINGTON & BURLING LLP |
| Charlottesville, VA 22903 | 1201 Pennsylvania Avenue, NW |
| Tel.: 434-977-0553 | Washington, DC 20004 |
| Fax: 434-977-0558 | Tel.: 202-662-6000 |
| | Fax: 202-662-6291 |

*Counsel for Plaintiffs.*

## I.  Procedural History

The Plaintiffs, three migrant forestry workers admitted to the United States under H-2B temporary worker visas, brought this lawsuit on behalf of themselves and all similarly situated workers, seeking their unpaid wages and money damages, declaratory, and injunctive relief from their former employers based on violations of the Fair Labor Standards Act, 29 U.S.C. §§201-219 ("FLSA") and the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. §§ 1801-1871 ("AWPA"). They filed this lawsuit on October 21, 2013.

Defendants Devin Spears-Thomas, Independent Labor Services, LLC ("ILS"), and White Pine Reforestation, LLC ("White Pine") were all served with Summonses and Complaints on December 17, 2013 by personal service on Mr. Spears-Thomas, the agent of the companies. They failed to file any responsive pleading by January 7, 2014, and the Clerk entered default against them on February 25, 2014. (Dkt. No. 16.) After additional investigation, Defendant Amy Spears-Thomas was located, and she and Defendant Star Forestry, LLC were served on January 27, 2014. They also failed to file any responsive pleading and the Clerk entered default against them on March 12, 2014. (Dkt. No. 19.)

Because the Defendants opted not to defend their actions or participate in this lawsuit, the Plaintiffs were unable to conduct the discovery normally contemplated by the Federal Rules. Although the Defendants defaulted, Plaintiffs still require information they possess relevant to class certification and to damages in order to fully remedy the Defendants' FLSA and AWPA violations. For example, the Defendants possess or have possessed information regarding the identities and periods of employment of the putative class members, their hours worked and wages paid, where the work was performed (which relates to the applicable prevailing wage that

should have been paid), and amounts deducted from workers' pay. The Plaintiffs thus filed a motion for leave to take discovery on May 1, 2014, and the Court granted that motion on May 20, 2014. (Dkt. Nos. 23, 24, and 30.)

Because the Defendants have no counsel and appear to lead a peripatetic existence, Plaintiffs' counsel have had significant difficulty serving discovery on them. After multiple attempts, on July 14, 2014, Amy Spears-Thomas was served personally and Star Forestry, LLC was served through her as its agent in Bemidji, Minnesota with requests to produce documents and a subpoena and notice of deposition.[1] In response, Ms. Spears-Thomas sent Plaintiffs' counsel a letter stating that she had no documents of any kind responsive to the requests, but that she would appear to be deposed. (See Ex. 1, Letter of Amy Spears-Thomas.) Counsel for Plaintiffs traveled to Bemidji, Minnesota and took the corporate deposition of Star Forestry, LLC under Rule 30(b)(6) and the individual deposition of Ms. Spears-Thomas on August 19, 2014.

## II. Additional discovery

In the August 19 depositions, Ms. Spears-Thomas identified information within her possession, custody or control, such as bank and payroll records, that was responsive to Plaintiffs' requests and that she did not attempt to obtain. She also stated that she currently had no documents related to Star Forestry, which had ceased doing business, and that numerous relevant documents, such as tax information for workers, disclosures purportedly given to workers, itineraries, and bank records, were "lost" or "thrown away, inadvertently." (See Ex. 2, Deposition of Star Forestry, LLC, Aug. 19, 2014 80:3-83:25.) She also testified that she and Devin Spears-Thomas no longer live together, and she has no information about his

---

[1] Defendant Devin Spears-Thomas, Ms. Spears-Thomas' husband and the officer or agent of the other defendant companies, ILS and White Pine, could not be found and attempts to locate him are ongoing.

whereabouts, but that he previously had custody of numerous documents related to the putative class members and the employment practices of the defendant companies.

Based on Ms. Spears-Thomas' testimony, the Plaintiffs intend to move to compel her to produce responsive documents still in her possession, custody, or control, and are in the process of attempting to subpoena records from the banks she mentioned.

Plaintiffs are also attempting to locate Mr. Spears-Thomas to serve discovery and deposition subpoenas on him personally and on behalf of ILS and White Pine.

Given that previous attempts to locate the Defendants to serve the complaint and discovery have taken substantial investigation and multiple efforts at service, and Mr. Spears-Thomas is now presumably on notice that he is being sought for service in this case, Plaintiffs anticipate that it may take some time to locate and serve him with discovery. In addition, once he is served, his testimony or responses may suggest other sources of information which may also need to be subpoenaed. Finally, given that much of the evidence that could have proven damages and supported class certification in this case has been "lost" or "thrown away, inadvertently," Plaintiffs may need to rely on declarations from the putative class members in support of default judgment and class certification. Obtaining these declarations will also be time consuming because the class members are geographically dispersed, with many of them living in rural Guatemala; in addition, many of them speak Mayan languages as their mother tongue and are illiterate or marginally literate in Spanish, necessitating personal visits or repeated phone contacts to obtain declarations.

For these reasons, Plaintiffs propose the following schedule in this case to bring their motions for class certification and default judgment before the Court:[2]

- Plaintiffs will conclude discovery in this case by May 1, 2015; and
- Plaintiffs will file any motion for class certification and default judgment by June 1, 2015.

This schedule should allow Plaintiffs sufficient time to obtain the needed evidence from Defendants or third parties, or to determine that no evidence can be obtained from them, and to provide any class member declarations necessary to support their motions.

Attached is a proposed scheduling order for the Court's consideration.

Respectfully submitted this 17th day of October, 2014,

CARLOS HUMBERTO CAB SIQUIC
RENE SAGUI XOL
SANTIAGO YAXCAL CUZ

By Counsel

_____/s/_____
Erin Trodden, VSB # 71515
erin@justice4all.org
Mary C. Bauer, VSB # 31388
mary@justice4all.org
Tim Freilich, VSB # 44077
tim@justice4all.org
Angela Ciolfi, VSB # 65337
angela@justice4all.org
Legal Aid Justice Center
1000 Preston Ave., Suite A
Charlottesville, VA 22903
(434) 977-0553
(434) 977-0558 facsimile

---

[2] Because the clerk has entered default against all Defendants, there is no need for a trial date in this case.

5

Jason C. Raofield (admitted *pro hac vice*)
jraofield@cov.com
Richard Anthony Lopez (admitted *pro hac vice*)
rlopez@cov.com
Austin K. Hampton (admitted *pro hac vice*)
ahampton@cov.com
Michael A. Chajon (admitted *pro hac vice*)
mchajon@cov.com
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington D.C. 20004
(202) 662-6000
(202) 662-6291 (facsimile)

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above on the Defendants by filing this via the Court's Electronic Case Filing system, this 17th day of October, 2014.

                                                    /s/ Erin Trodden
                                                    *Counsel for Plaintiffs*