CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 17 2016

JULIA C. DUDLEY, CLERK
BY: /s/ J. Moody
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CARLOS HUMBERTO CAB SIQUIC, et al., | )<br>) Civil Action No. 3:13CV00043 |
| Plaintiffs, | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) By: Hon. Glen E. Conrad |
| STAR FORESTRY, LLC, et al., | ) Chief United States District Judge |
| Defendants. | ) |

Plaintiffs Carlos Humberto Cab Siquic and Santiago Yaxcal Cuz filed this action on behalf of themselves and others similarly situated against defendants Star Forestry, LLC, Independent Labor Services, LLC, White Pine Reforestation, LLC, Amy Spears-Thomas, and Devin Spears-Thomas for violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. This matter is currently before the court on plaintiffs' motion for default judgment. Defendants are currently in default and have not responded to plaintiffs' motion. For the reasons set forth below, the motion will be granted.

## Background

Since defendants are in default, the facts underlying this litigation are uncontested. The two plaintiffs named in the complaint are indigent migrant workers who were employed by defendants Star Forestry, LLC, Independent Labor Services, LLC, White Pine Reforestation, LLC, Amy Spears-Thomas, and Devin Spears-Thomas at various times during the period of

October 21, 2008 through the filing of the complaint.[1] Defendants operated tree-planting services in which they bid on and negotiated contracts to plant trees on land owned by other individuals and companies. Devin Spears-Thomas had an ownership interest in all three defendant companies and Amy Spears-Thomas had an ownership interest in Independent Labor Services, LLC and Star Forestry, LLC. In order to fulfill the manpower requirements under these contracts, defendants sought foreign nationals to perform forestry work on a seasonal or temporary basis. In order to work in the United States, plaintiffs obtained temporary visas, also known as "H-2B" visas. Subsequently, plaintiffs were admitted to the United States and employed as members of labor crews organized by defendants. As a condition for obtaining H-2B visas, defendants certified to the Department of Labor that they would pay plaintiffs equal to, or in excess of, the prevailing wage for the job. At the time they recruited plaintiffs, defendants failed to provide plaintiffs with written statements of the terms and conditions of their employment.

Plaintiffs spent considerable sums of money in order to process their H-2B visas and to travel to the United States. These expenses amounted to approximately $1,900 per worker. As a result of these unreimbursed expenses, plaintiffs earned significantly less than the minimum wage during their first week of work. Since plaintiffs returned home between each working season, they incurred these expenses multiple times during the relevant period. On average, plaintiffs believe that they are owed at least $1,200 for unpaid minimum wages for their first weeks of work alone.

Plaintiffs allege a number of violations by the defendants under the FLSA and AWPA. First, according to plaintiffs, defendants would delay paying plaintiffs for several months after

---

[1] Rene Sagui Xol, who was originally listed as a plaintiff in the complaint, has asked to withdraw as a class representative. He still remains a proposed class member and opt-in plaintiff under the FLSA.

2

their work was completed. Second, defendants did not provide plaintiffs with pay stubs or any records regarding their hours, trees planted, wages paid, or deductions taken from their paychecks. This failure caused plaintiffs to be unable to state with certainty the amount of unpaid wages they are owed. Third, defendants failed to compensate plaintiffs for overtime when plaintiffs frequently worked over 40 hours a week. Fourth, defendants failed to pay plaintiffs the prevailing wage for the work they performed, which plaintiffs estimate to have been $9 per hour. Fifth, defendants deducted money from plaintiffs' wages for business expenses, such as gas and hotel rooms. Sixth, plaintiffs were required to travel long distances as part of their employment, for which they were not compensated. Overall, due to these shortcomings, plaintiffs earned significantly less than the minimum wage and the prevailing wage in the area.

Plaintiffs filed a class action complaint on October 21, 2013 seeking to bring class claims against defendants on behalf of all "individuals admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b) who were employed in the defendants' forestry operations from October 2008 until the present." Compl. ¶ 56. Defendants Devin Spears-Thomas, Independent Labor Services, LLC, and White Pine Reforestation, LLC were served with process on December 17, 2013. Defendants Amy Spears-Thomas and Star Forestry, LLC were served with process on January 27, 2014. Defendants failed to file any responsive pleadings and the clerk entered default against them on March 12, 2014. Plaintiffs filed a motion for leave to take discovery on May 1, 2014, which the court granted on May 20, 2014. On August 19, 2014, plaintiffs deposed Amy Spears-Thomas on behalf of herself and Star Forestry. Neither Star Forestry nor Amy Spears-Thomas produced documents in response to plaintiffs' discovery requests.

On June 1, 2015, plaintiffs filed a motion to certify their proposed class and collective

3

action. That same day, plaintiffs filed a motion for default judgment seeking actual and liquidated damages under the FLSA, actual and statutory damages under the AWPA, attorney's fees and costs, and injunctive relief. On October 10, 2015, the court granted plaintiffs' motion to certify the class and took the motion for default judgment under advisement.

## Standard of Review

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. When a defendant fails to plead or otherwise defend an action, the Clerk of Court is authorized to make an entry of default. See Fed. R. Civ. P. 55(a). After the Clerk's entry of default, a party may move for default judgment. Fed. R. Civ. P. 55(b).

Upon entry of default, all well-pleaded facts alleged in the complaint may be taken as true for purposes of liability. See Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); see also Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) ("[T]he defendant, by his default, admits plaintiff's well-pleaded allegations of fact[.]") (internal citation omitted). Accordingly, in the default judgment context, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 187 F.3d 628, at *1 (4th Cir. Aug. 10, 1999) (unpublished table opinion). However, the defaulting defendant is not held to admit conclusions of law. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).

If the facts alleged in the complaint are sufficient to establish liability, the court must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780-81. In so doing, the court may conduct an evidentiary hearing under Rule 55(b)(2). The court may also make a

4

determination of damages without a hearing as long as there is an adequate evidentiary basis in the record for the award. See Anderson, 155 F.3d at 507 (noting that "in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing"); Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co., 919 F. Supp. 2d 680, 684 (D. Md. 2013) (finding that the court need not conduct an evidentiary hearing to determine damages and "may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum.").

## Discussion

### I. Claims under the Agricultural Worker Protection Act (Count I)

Plaintiffs allege that defendants committed multiple violations of the AWPA, "which guarantees certain protections and benefits to seasonal agricultural workers." Bautista v. Zuniga, No. 4:11-CV-84-F, 2012 WL 1149300, at *2 (E.D.N.C. Apr. 5, 2012). Among the protections afforded under the AWPA are the requirements that employers pay wages owed when due, keep adequate payroll records, provide itemized written wage statements for each pay period, and comply with the working arrangements made with their employees. 29 U.S.C. §§ 1821(d), 1822(a), (c). Moreover, a court may find that an employer "violated § 1822 of the AWPA by failing to reimburse workers for the passport, visa, and travel costs incurred for the employer's primary benefit." De Leon-Granados v. Eller & Sons Trees, Inc., 581 F. Supp. 2d 1295, 1319 (N.D. Ga. 2008). However, such violation is more properly construed as an FLSA violation, as courts have found that "failing to reimburse plaintiffs for their expenditures is equivalent to the employer paying for these expenses and then improperly deducting them from the employees' pay for the first workweek." Gaxiola v. Williams Seafood of Arapahoe, Inc., 776 F. Supp. 2d 117, 125 (E.D.N.C. 2011). In addition, courts have held that these AWPA provisions incorporate

5

federal and state law and regulations, inter alia, the obligations under the FLSA and the H2-B regulations. See Donaldson v. Dep't of Labor, 930 F.2d 339, 350 (4th Cir. 1991) (incorporating into the AWPA the provisions of two different federal laws); see also Elizondo v. Podgorniak, 100 F. Supp. 2d 459, 462 (E.D. Mich. 2000) (noting that failing to pay minimum wages in violation of the FLSA was a violation of § 1822(a) of the AWPA).

In the instant case, plaintiffs allege six violations of the AWPA: (1) defendants delayed paying plaintiffs for several months after the work was completed; (2) defendants did not provide pay stubs or any records to plaintiffs regarding their hours, trees planted, wages paid, or deductions taken out; (3) defendants failed to compensate plaintiffs for overtime hours; (4) defendants failed to pay plaintiffs the prevailing wage for the work they performed; (5) defendants deducted business expenses from plaintiffs' wages, such as gas and hotel rooms; and (6) plaintiffs were required to travel long distances as part of their employment and were not paid for hours spent traveling. Based on the undisputed facts alleged in the complaint, the court finds that plaintiffs sufficiently alleged that defendants intentionally violated the AWPA. Plaintiffs allege that defendants had to pay approximately $1,900.00 for their H2-B work visas and for travel to the United States, for which they were not reimbursed. In addition, plaintiffs offered sufficient factual allegations to demonstrate that they were not reimbursed for travel, hotel, or gas costs that they incurred traveling to and from various job sites. Furthermore, the court finds that plaintiffs offered sufficient facts to show that defendants did not provide plaintiffs with pay stubs or with written statements as to the terms and conditions of their employment. In fact, Ms. Spears-Thomas admitted in her deposition that she did not save any records regarding pay calculations, and that she was "not a very good recordkeeper [sic]." Star Forestry Depo. at 79:8-79:9, Docket No. 53-1. Plaintiffs support all of these allegations with

6

sworn declarations from fourteen class members. Accepting as true plaintiffs' well-pleaded allegations, the court finds that plaintiffs have established that defendants intentionally violated the AWPA. Therefore, default judgment is proper as to Count I.

## II. Claims under the Fair Labor Standards Act (Count II)

Plaintiffs next allege that defendants violated the FLSA by failing to pay plaintiffs a minimum hourly wage. See 29 U.S.C. § 206(a) (providing that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce" wages at the statutorily specified rate). The FLSA creates a private right of action for aggrieved employees to recover unpaid minimum wages and overtime hours. 29 U.S.C. § 216(b). When federal, state, or local laws sets a minimum wage higher than that set by the FLSA, "nothing in the [FLSA] ... should be taken to override or nullify the provisions of these laws." 29 C.F.R. § 778.5. Federal regulations provide that employers must pay H–2B workers at least the "prevailing wage ... or the Federal, State or local minimum wage, whichever is highest." 20 C.F.R. §§ 655.10(b)(6). The complaint alleges that, during the relevant time period, the prevailing wage was $9.00 per hour, which is higher than the federal minimum wage of $7.25 an hour in the FLSA. 29 U.S.C. § 206(a). Thus, the prevailing wage will apply for purposes of the FLSA minimum wage and overtime pay requirements. See Moodie v. Kiawah Island Inn Co., LLC, --- F. Supp. 3d ---, 2015 WL 5037038, at *7 (D.S.C. Aug. 4, 2015) (applying the prevailing wage in support of a claim for overtime pay under the FLSA).

In order to establish a violation of the FLSA for failure to pay minimum wage, a plaintiff must show that: "(1) the plaintiff was employed by the defendant(s); (2) the plaintiff engaged in commerce or in the production of goods for commerce; and (3) the plaintiff was not compensated for all hours worked during each work week at a rate equal to or greater than the

7

then-applicable minimum wage." Bautista, 2012 WL 1149300, at *2. The FLSA's broad definition of "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

In this case, the undisputed facts in the complaint establish that the class members were employed by the defendant companies from October 21, 2008 through the filing of the complaint, and that they engaged in commerce by performing forestry tasks to individuals and businesses in exchange for monetary compensation. As to the individual defendants, the undisputed facts show that they both qualify as employers under the FLSA. Devin Spears-Thomas had an ownership interest in all three defendant companies, and Amy Spears-Thomas had an ownership interest in Independent Labor and Star Forestry. In addition, Ms. Spears-Thomas testified in her deposition that both she and Mr. Spears-Thomas were involved in making wage determinations and hiring workers through the H-2B visa program. These allegations alone are sufficient to establish that each individual defendant was an "employer." Clancy v. Skyline Grill, LLC, No. ELH-12-1598, 2013 WL 245255, at *3 (D. Md. Jan. 23, 2013). Finally, the factual allegations in the complaint further demonstrate that plaintiffs were not paid the minimum hourly wage because they were required to pay various pre-employment expenses, were paid on average $300.00 a week for fifty-five hours of work, were not paid for time traveling to various work sites, and had deductions from their pay checks for expenses that benefitted defendants. Therefore, the court concludes that plaintiffs have sufficiently established that defendants violated the FLSA's minimum wage requirement.

In addition, plaintiffs allege that defendants also violated the FLSA by failing to pay their overtime hours. The FLSA requires that "an employee receive overtime pay if she works more than 40 hours in any workweek" at a rate not less than one and a half times the employee's

regular rate of pay. 29 U.S.C. § 207(a). The "regular rate" under the FLSA is the hourly rate. 29 C.F.R. § 778.109. While an employer is not required to compensate employees on an hourly rate basis, overtime compensation must be based on an hourly rate. Id. "The statute, however, exempts from this requirement 'any employee employed in a bona fide executive ... capacity.'" In re Family Dollar FLSA Litig., 637 F.3d 508, 513 (4th Cir.2011) (quoting 29 U.S.C. § 213(a)(1)). Here, the undisputed facts establish that plaintiffs were not exempt employees, and that they did not receive overtime pay for hours worked in excess of 40 hours per week. Again, the plaintiffs allege that, on average, they worked fifty-five hours per week but were paid only $300.00 a week. The court believes that such payment is insufficient to cover plaintiffs' regular pay, let alone their overtime pay. Moreover, the court concludes that plaintiffs have alleged sufficient factual allegations to establish that defendants' actions were willful, as they "'knew or showed reckless disregard for the matter of whether its conduct was prohibited by' the FLSA." Gaxiola, 766 F. Supp. 2d at 127 (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)). Accepting as true plaintiffs' well-pleaded allegations, the court finds that plaintiffs have sufficiently pled that defendants willfully violated the FLSA. Therefore, default judgment is proper as to Count II of the complaint.

### III. Damages

The court must next determine the amount of liability. The court may award damages without a hearing, but only if the record supports the damages requested. See DirecTV, Inc. v. Yancey, No. 4:04CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (finding that a hearing to determine damages was not required because plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"). Here, in support of their request for damages, plaintiffs provided affidavits from fourteen of the opt-in

9

claimants. The court is convinced that the affidavits provide a sufficient evidentiary basis for an award of damages in favor of plaintiffs, and that no hearing is necessary.

### a. FLSA

Plaintiffs seek damages for unpaid wages under both Counts I and II. Under what is known as the "one wrong, one recovery rule," a party may not recover twice for one injury, even if the party asserts multiple, consistent theories of recovery. See Gen. Tel. Co. of the Northwest, Inc. v. EEOC, 446 U.S. 318, 333, (1980) ("It ... goes without saying that the courts can and should preclude double recovery by an individual."). Therefore, plaintiffs may only recover once for damages arising out of defendants' failure to pay their deserved wages. See Clancy, 2012 WL 5409733, at *5 (finding that plaintiff may only recover once for "all damages resulting from Defendant's failure to pay him his deserved wages" although plaintiff established liability under three statutes and for breach of contract in his motion for default judgment); see also Wales v. Jack M. Berry, Inc., 192 F. Supp. 2d 1269, 1289 (M.D. Fla. 1999) (finding that class action plaintiffs sought actual damages for AWPA violations involving failure to pay minimum wage when due, "they have failed to provide any basis for such award[,]" as such "approach would seemingly render provision of the FLSA superfluous").

The FLSA provides that any employer who violates § 206 and § 207 is liable to the affected employees in the amount of his unpaid wages and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). Although plaintiffs have filed sufficient affidavits establishing the amount of their unpaid minimum wages, the court notes that plaintiffs used the federal minimum wage rate rather than the prevailing rate in making their calculations. Based on plaintiffs' calculations in the AWPA damages section and the court's own calculations,[2] the

---

[2] Because the statute of limitations is three years for willful violations of the FLSA, the court did not include unpaid wages allegedly accrued prior to 2010. 29 U.S.C. § 255.

10

court believes that the opt-in plaintiffs who submitted declarations are entitled to damages in the amount of $219,096.80 for their unpaid wages. The average pay shortage per season, based on the information provided by the opt-in plaintiffs, is $7,555.06, and the fourteen declarants worked 2.1 seasons on average. Therefore, the court finds that the six opt-in plaintiffs, who did not submit declarations, are entitled damages in the amount of $95,193.78. In addition, because unpaid expenses are akin to failing to pay minimum wage, the court also includes the unpaid travel expenses in the amount of $76,667.80, as plaintiffs sufficiently calculated in support of their motion for default judgment. Therefore, defendants are jointly and severally liable to the opt-in plaintiffs for actual damages in the amount of $390,958.38.

Plaintiffs also seek liquidated damages for defendants' FLSA violations. Section 216 of the FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee" for "liquidated damages" in an amount equal to "the amount of [the employee's] unpaid minimum wages, or [the employee's] unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). As the United States Court of Appeals for the Fourth Circuit has noted, the "FLSA plainly envisions that liquidated damages in an amount equal to the unpaid ... compensation are the norm for [such] violations." Mayhew v. Wells, 125 F.3d 216, 220 (4th Cir. 1997). However, the court has broad discretion to reduce liquidated damages if the employer "shows to the satisfaction of the court that the act or omission giving rise to [the] action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of FLSA." Id. (internal quotation marks omitted). In the instant case, no such showing has been made by defendants. Therefore, the court will grant plaintiffs additional liquidated damages in the amount of $390,958.38, bringing defendants' total monetary obligation for FLSA violations to $781,916.76.

Finally, plaintiffs seek attorney's fees and costs. An award of attorney's fees and costs to a prevailing plaintiff is mandatory under § 216(b) of the FLSA, but the amount of the award is within the discretion of the court. Burnley v. Short, 730 F.2d 136, 141 (4th Cir. 1984). Although it is unlikely that defendants would contest awarding attorney's fees and costs to plaintiffs, the court is nevertheless obligated to review a fee award request independently for reasonableness. Kennedy v. Touch of Patience Shared Housing, Inc., 779 F. Supp. 2d 516, 525 (E.D. Va. 2011). Pursuant to Local Rule 54, plaintiffs shall submit such fee petition within twenty-one (21) days from the date of entry of this memorandum opinion and order.

### b. AWPA

Plaintiffs also seek actual and statutory damages under the AWPA for their unpaid wages. The AWPA provides that the court may award actual damages or "statutory damages of up to $500 per plaintiff per violation[.]" 29 U.S.C. § 1854(c)(1). Furthermore, "multiple infractions of a single provision ... shall constitute only one violation[,]" and "if such complaint is certified as a class action, the court shall award no more than the lesser of up to $500 per plaintiff per violation, or up to $500,000[.]" Id. A court should consider the following factors when determining an award of statutory damages: "(1) the total amount of the award; (2) the nature and persistence of the violation; (3) the extent of the defendant's culpability; (4) damage awards in similar cases; (5) the defendant's ability to prevent future violations of the AWPA; (6) the substantive or technical nature of the violations; and (7) the circumstances of each case." Bautista, 2012 WL 1149300, at *3. The court may also consider "the plaintiffs' recovery on closely related claims joined in the same suit that will in part compensate the damages caused by violations of the [AWPA]." Id. (quoting Beliz v. W.H. McLeod & Sons Packing Co., 765 F.2d 1317, 1333 (5th Cir. 1985)).

12

Because the opt-in plaintiffs recovered their unpaid wages and expenses under the FLSA, and such claim is more appropriately characterized as a violation of the FLSA, the court declines to award actual damages under the AWPA to the class members. Instead, the court will award statutory damages. See Martinez v. Shinn, 992 F.2d 997, 999 (9th Cir. 1993) (upholding the district court's award of actual and liquidated damages for unpaid minimum wages under the FLSA and statutory damages for failure to pay timely wages under the AWPA). Taking all the above factors into account, the court will award $1,000.00 in statutory damages to each plaintiff for defendants' failure to pay timely wages to plaintiffs and for their failure to provide plaintiffs with pay stubs or other records as to their wage calculations, constituting two separate violations of the AWPA. Because plaintiffs' allegations as to unpaid wages and expenses all fall within § 1822(a) of the AWPA, the court finds that plaintiffs are entitled to only one statutory damage award of $500.00 for such violations, as multiple infractions of the same provision are treated as one violation. As this complaint was certified as a class action with an estimated class of 200, the court shall award no more than $200,000.00 in statutory damages, which is less than the maximum award of $500,000.00.[3] The court believes that such award encourages compliance with the AWPA, which is the purpose behind awarding statutory damages. Howard v. Malcolm, 658 F. Supp. 423, 436 (E.D.N.C. 1987). Therefore, defendants are jointly and severally liable to all plaintiffs in the class for statutory damages in the amount of $200,000.00 under the AWPA. This brings defendants' total monetary obligation to $981,916.76, plus interest from the date of this judgment until the obligation is paid.

In addition to damages, plaintiffs also seek equitable relief under the AWPA. Specifically, plaintiffs seek an injunction requiring that defendants (1) not retaliate against the

---

[3] The court notes that the opt-out period for potential class members ends on April 4, 2016. As such, the court will delay entry of the judgment until after such date, in order to allow members to opt out of the class action.

13

named plaintiffs or their family members; (2) abide by the AWPA and FLSA; and (3) pay employees for all trees planted in accordance with a disclosed working arrangement. An injunction, of course, is an "extraordinary remedy" and thus "a federal judge ... is not mechanically obligated to grant an injunction for every violation of law." Weinberger v. Romero–Barcelo, 456 U.S. 305, 312, 313, (1982). In order for injunctive relief to be warranted, there must be a showing of a "real or immediate threat that the plaintiff will be wronged again." Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). As to the injunction requiring defendants to abide by the AWPA and FLSA, the court believes that such relief is warranted because of the particular vulnerabilities among the class members. The court notes that similar relief has been ordered to plaintiffs in other cases. See, e.g., Fields v. Luther, No. JH-84-1875, 1988 WL 59963, at *22 (D. Md. May 4, 1988) (enjoining defendants from further violations of the AWPA) Plaintiffs have not, however, given the court a sufficient basis to justify the additional equitable relief sought under the complaint. Accordingly, the court will only order defendants to abide by AWPA and FLSA requirements.

## Conclusion

For the foregoing reasons, the court will grant plaintiffs' motion for default judgment against defendants. The court will delay entry of the judgment until after April 4, 2016, as to allow class members to opt out of the action and plaintiffs' counsel to file their fee petition.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 17th day of March, 2016.

_____
Chief United States District Judge

14