CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 2 2 2016

JULIA C. DUDLEY, CLERK
BY: /s/ CM
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CARLOS HUMBERTO CAB SIQUIC, et al., | ) |
| | ) Civil Action No. 3:13CV00043 |
| Plaintiffs, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| | ) By: Hon. Glen E. Conrad |
| STAR FORESTRY, LLC, et al., | ) Chief United States District Judge |
| | ) |
| Defendants. | ) |

Plaintiffs Carlos Humberto Cab Siquic and Santiago Yaxcal Cuz filed this action on behalf of themselves and all others similarly situated against defendants Star Forestry, LLC, Independent Labor Services, LLC, White Pine Reforestation, LLC, Amy Spears-Thomas, and Devin Spears-Thomas for violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. This matter is currently before the court on plaintiffs' motion for an award of attorney's fees and litigation expenses. Defendants are currently in default and have not responded to plaintiffs' motion. For the reasons set forth below, the motion will be granted.

### Background

Plaintiffs are migrant agricultural workers from Guatemala who were admitted to the United States under the H-2B temporary visa program to work for defendants' tree-planting companies. On October 21, 2013, plaintiffs filed a class action complaint against defendants for violations of the AWPA and FLSA. Specifically, plaintiffs alleged that, inter alia, defendants failed to: (1) pay minimum and overtime wages; (2) provide pay documentation; (3) pay wages in a timely manner; (4) provide terms and conditions of employment; and (5) reimburse travel

and visa expenses that were incurred for the defendants' benefit. Defendants failed to file any responsive pleadings, and the clerk entered default against them on March 12, 2014. Plaintiffs then filed a motion for leave to take discovery on May 1, 2014, which the court granted. On August 19, 2014, plaintiffs deposed Amy Spears-Thomas on behalf of herself and Star Forestry. Neither Star Forestry nor Amy Spears-Thomas produced documents in response to plaintiffs' discovery requests.

On June 1, 2015, plaintiffs filed a motion to certify their proposed class and collective action. That same day, plaintiffs filed a motion for default judgment seeking actual and liquidated damages under the FLSA, actual and statutory damages under the AWPA, attorney's fees and costs, and injunctive relief. On October 10, 2015, the court granted plaintiffs' motion to certify the class and took the motion for default judgment under advisement pending notice to potential FLSA opt-in class members. On March 17, 2015, the court granted plaintiffs' motion for default judgment but delayed entry of a final judgment against defendants until after April 4, 2016, so as to allow class members to opt out of the class action and plaintiffs' counsel to file their fee petition. It is the court's understanding that no class members have opted out of the class action. Pursuant to Local Rule 54, plaintiffs filed their motion for an award of attorney's fees and costs on April 7, 2016, requesting fees in the amount of $137,313.00 and expenses in the amount of $5,884.61. As defendants are in default, the motion is now ripe for disposition.

## Discussion

I.   **Attorney's Fees**

"Under the so-called American rule, the parties to civil litigation ordinarily bear their own attorney's fees and costs, unless there is explicit statutory authority to the contrary." Hummel v. Hall, No. 6:11-CV-00012, 2012 WL 4458450, at *1 (W.D. Va. July 18, 2012) (citing

2

Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602 (2001)). The FLSA contains such an exception by providing that the court "shall, in addition to any judgment awarded to the ... plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action[,]" to prevailing plaintiffs. 29 U.S.C. § 216(b); see also Burnley v. Short, 730 F.2d 136, 141 (4th Cir. 1984) ("The payment of attorney's fees to employees prevailing in FLSA cases is mandatory."). Because the court granted plaintiffs' motion for default judgment, they are entitled to reimbursement for attorney's fees and costs. The amount of attorney's fees is within the court's sound discretion. Burnley, 730 F.2d at 141.

To properly calculate a reasonable fee award, the court must determine the appropriate lodestar figure. McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013). This figure is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. Id. To ascertain what is reasonable in terms of hours expended and rates charged, the court considers the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) (the "Johnson factors"). Id.; see also Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009) ("In deciding what constitutes a 'reasonable' number of hours and rates, we have instructed that a district court's discretion should be guided by the [Johnson] factors."). Those factors are as follows:

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

3

McAfee, 738 F.3d at 88 n.5. Overall, the court must be convinced that the "number of hours for which ... reimbursement is [sought is] reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." Travis v. Prime Lending, No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008).

In the instant case, plaintiffs seek reimbursement for attorney's fees in the amount of $137,313.00. This figure covers 436 hours of work, which was billed at hourly rates ranging from $200 to $450 per hour. Applying the relevant Johnson factors, the court finds that the requested attorney's fees are reasonable.

In support of their fee request, plaintiffs submit detailed records documenting the time and labor expensed in this case, as well as declarations from Mary Bauer from the Legal Aid Justice Center and R. Anthony Lopez from Covington & Burling LLP. In an exercise of billing discretion, counsel removed unnecessary hours from their billing reports and the hours spent on plaintiffs' claims under the AWPA, which, unlike the FLSA, does not contain a fee-shifting provision. Counsel also represent that the eight attorneys who worked on the case coordinated their efforts to avoid duplicative work. Although the total number of hours billed in this action appears to be high given that defendants are in default, the court agrees with counsel that this case was complex for a number of reasons, including the location of the estimated 200 class members in Guatemala, the language barrier between counsel and the class members, the time constraints on class members' ability to speak with counsel, and the lack of employment records in defendants' possession. See Villaneuva-Gonzalez v. Grainger Farms, Inc., No. 2:09-CV-716, 2011 WL 5834677, at *3 (M.D. Fla. Aug. 9, 2011) (granting plaintiffs' fee petition and finding that "[a]lthough generally an FLSA case is not complex, in the instant case, there are nearly 100 plaintiffs, who live in Mexico and are not sophisticated litigants"). As such, counsel has spent

4

considerable time since the filing of the complaint in October of 2013 interviewing class members, deposing defendants, and calculating damages. This considerable time expenditure precluded the attorneys in this case from devoting their time to other matters. The case also required counsel to be familiar with the H-2B regulatory scheme as well as the FLSA. The court believes that such complexities would have made this case undesirable to other firms in the legal community, which was confirmed in one local attorney's declaration. Finally, counsel's fees were contingent upon prevailing in this action, although counsel had substantial doubt that defendants would have the resources to pay any judgment rendered against them.

The court also finds that plaintiffs produced sufficient evidence to establish the reasonableness of the hourly rates billed in this case. The fee applicant bears this burden. McAfee, 738 F.3d at 91. In accordance with existing precedent, plaintiffs submit two declarations from local employment law attorneys, John E. Davidson of Davidson & Kitzmann, PLC and Timothy E. Cupp of Shelley Cupp Schulte, P.C. See id. ("The evidence we have deemed competent to show prevailing market rates includes affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community.") (internal quotation marks omitted). In their declarations, Mr. Davidson and Mr. Cupp indicate that they are familiar with the legal services performed in this case, as well as counsel's educational background, experience, and expertise. The declarations confirm that counsel's hourly rates are reasonable and consistent with those charged by local attorneys and other law firms with comparable knowledge, competency, and experience.

In sum, the court finds that the time expended and rates charged by counsel were reasonable, and that the relevant Johnson factors support the amount claimed. Accordingly, the court will grant plaintiffs' request for attorney's fees in the amount of $137,313.00.

5

Case 3:13-cv-00043-GEC   Document 64   Filed 04/22/16   Page 5 of 6   Pageid#: 732

## II. Litigation Expenses

In addition to the attorney's fees provision in the FLSA, Rule 54 of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). District courts have discretion in assessing costs against a losing defendant in FLSA cases. Roy v. Cnty. of Lexington, S.C., 141 F.3d 533, 549 (4th Cir. 1998). These costs may include "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." Spell v. McDaniel, 852 F.2d 762, 771 (4th Cir. 1988). In the instant case, plaintiffs seek reimbursement for litigation expenses in the amount of $5,884.61. These expenses include traveling costs for depositions and client meetings, as well as contract work with a non-profit and local attorney in Guatemala. The court finds that the expenses were reasonably incurred, and that plaintiffs are entitled to reimbursement for such costs.

## Conclusion

For the foregoing reasons, the court will grant plaintiffs' motion for attorney's fees and litigation costs. Final judgment will be entered in favor of plaintiffs against defendants in the amount of $1,125,114.37, which consists of $981,916.76 in damages and $143,197.61 in attorney's fees and costs, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to defendants and all counsel of record.

ENTER: This 22d day of April, 2016.

Chief United States District Judge